UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN ROCA,

                             Plaintiff,

- against -

IMPREMEDIA OPERATING COMPANY, LLC

                             Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff John Roca ("Roca" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Impremedia Operating Company LLC, ("Impremedia" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a police scene in Brooklyn, owned and registered by Roca, a New York based photojournalist. Accordingly, Roca seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Roca is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 45 Tudor City Place, Apt. 1807, New York, New York 10017. Roca's work has appeared in many publications around the country.

6. Upon information and belief, Impremedia is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1 Metrotech Center, 18th Floor, Brooklyn, New York 11201. At all times material hereto, Impremedia has owned and operated a website at the URL: www.ElDiariony.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Roca photographed a crime scene in Brooklyn, New York (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Roca is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph has a pending US Copyright Registration of 1-4542066788.

### B. Defendant's Infringing Activities

10. Upon information and belief, Impremedia ran an article on the Website entitled *7-month-old boy dies in Staten Island*. See http://eldiariony.com/2017/01/07/muere-nino-de-7-

meses-en-staten-island/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

11. Impremedia did not license the Photograph from Plaintiff for its article, nor did Impremedia have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST IMPREMEDIA)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Impremedia infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Impremedia is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Impremedia have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST IMPREMEDIA**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published, it contained copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article on the Website, Impremedia intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Impremedia violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Impremedia's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Impremedia intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Impremedia also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Impremedia as alleged herein, Plaintiff is entitled to recover from Impremedia the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Impremedia because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Impremedia statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Impremedia be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Impremedia be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 15, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
　　Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff John Roca*